In an opinion on Aril 30, 1980, by the court en banc, plaintiff in these cases was held entitled to recover back pay for the period from January 15, 1969 to April 5, 1969. Polos v. United States, 223 Ct. Cl. 547, 621 F.2d 385 (1980). On remand to the Office of Personnel Management ( opm) it *930 was determined that he was also entitled to a disability annuity and was paid $55,534 for annuity payments due through July 1981. He continues to receive regular annuity payments. Defendant also concedes that plaintiff is entitled to some back pay. The parties now agree that he was overpaid for the back annuity and, by a reduction of the back pay owed to adjust the overpayment, he is now entitled to the sum of $1,531.81 in back pay, to which defendant confesses judgment.
By motion for summary judgment filed on December 3, 1981, plaintiff seeks supplementary relief. Defendant contests the claim by a cross-motion for summary judgment. Plaintiffs motion for submission of the cases without oral argument has been allowed. We hold for defendant on the issues of supplemental relief.
Plaintiffs motion asserts five supplemental claims for payment, based on the judgment in plaintiffs favor on the limited issue of liability. The first two claims relating to back pay and annuity payments are mooted by the agreement mentioned above and require no further discussion here.
Plaintiff now demands an order compelling defendant to acquire life insurance for plaintiff in the basic amount of $20,000, with double indemnity for accidential death, under a Master Policy contract between the insurance carrier and the Trustees of the National Guard Association of the United States Insurance Trust ( ngaus). Plaintiff allegedly became ineligible to continue ngaus insurance when he was called to active duty in January 1968, and was allegedly unable to regain it upon separation because he was not returned to his civilian position with the Arkansas Air National Guard. Alternatively, an order is demanded that defendant provide such insurance under the Federal Employees Group Life Insurance Program, contained in 5 U.S.C. §8701 (1976).
Our authority to provide relief in this matter is governed by the terms of the Back Pay Act, 5 U.S.C. § 5596 (1976). The Act provides that on correction of an erroneous personnel action an employee of an executive agency of the federal government is entitled to receive "an amount equal to all or any part of the pay, allowances, or differentials, *931 * * * that the employee normally would have earned $ * * »
Plaintiff had ngaus insurance when he was a state employee. National Guard regulations do not mandate insurance coverage but do authorize payroll deductions for it. The United States, however, does not pay any part of it. The National Guard Association is not an agency or instrumentality of the United States. Plaintiff may have lost an opportunity to purchase ngaus insurance when he was not restored to his technician’s position but he has not been deprived of "allowances” which he was entitled to receive from the United States. The insurance coverage is not mandated by federal law. This claim falls within the general category of claims for the monetary equivalent of annual leave, or for per diem expenses, or for interest, which have been denied in other cases as not being lost "pay, allowances, or differentials” the employee would have earned, but for the wrongful personnel action. Morris v. United States,, 219 Ct. Cl. 452, 595 F. 2d 591 (1979) (no per diem); Van Winkle v. McLucas, 537 F.2d 246 (6th Cir. 1976), cert. denied, 429 U.S. 1093 (1977) (no interest); Ainsworth v. United States, 185 Ct. Cl. 110, 399 F.2d 176 (1968) (no annual leave), ngaus insurance benefits are not part of the pay or allowances to which plaintiff is entitled by the Back Pay Act. We find it unnecessary to discuss, therefore, defendant’s alternative defense that, assuming the ngaus insurance plan is an "allowance” within the meaning of the Back Pay Act, plaintiff was not eligible for the plan at the time he should have been restored to his technician’s position because by that time he was no longer a membr of the Air National Guard. As to plaintiffs entitlement to insurance under the Federal Employees Group Life Insurance Program, we have not been shown any basis for such entitlement retroactively. Plaintiff concedes that he has been offered the insurance specified in 5 U.S.C. §§ 8701-8716 (1976).
Plaintiff also demands that defendant be held liable and be required to pay plaintiff the amount of disability benefits he would have received under the National Guard Association of the United States disability insurance had the defendant properly restored him to his civilian technician *932 employment on January 15, 1969. Plaintiff says that his proper enrollment in the ngaus program would have afforded him disability benefits upon termination of his civilian employment. He concedes that those benefits would have to be offset against the social security disability benefits he did receive, and against Civil Service disability annuity payments received.
This claim hinges on the contention that defendant did not properly restore plaintiff to employment but our discussion of his claim for the ngaus life insurance applies with equal force here. We do not repeat those considerations but find them dispositive. We note that plaintiff was offered both retroactive and prospective health insurance benefits and that he rejected the former and accepted the latter. These are the benefits under 5 U.S.C. §§ 8901-8913 (1976).
Finally, plaintiff asks for a "correction” of his tax records to show that his back annuity payment was received in each of the years between 1969 and 1981 rather than in a lump sum in 1981, thus reducing or eliminating his tax liability on those payments. Plaintiff says that the court has this authority under 28 U.S.C. § 1491 (1976) and that the remedy is not one of tax law but rather a plea for an equitable remedy against the defendant "lawbreaker” whose illegal actions have increased plaintiffs tax liability excessively.
There is nothing at all in the legislative history of 28 U.S.C. § 1491 to indicate that Congress in any manner intended to give the court equitable jurisdiction in tax cases. Tax law is not based on equity and arguments of equity have little force. Commissioner v. Kowalski, 434 U.S. 77, 95 (1977). "Unfortunately, common sense and tax law are rarely even waving acquaintances.” Skoglund v. United States, 230 Ct.Cl. 833 (1982). "We in the judiciary, are neither equipped nor inclined to second guess the legislature in its determination of appropriate tax policies.” Mapes v. United States, 217 Ct. Cl. 115, 130, 576 F.2d 896, 904, cert. denied, 439 U.S. 1046 (1978).
Compensation received by an individual is taxed in the year it is received and not in the year earned, unless the taxpayer reports on the accrual basis. Congress has consid *933 ered, however, the hardship sometimes encountered by taxpayers who have an unusual fluctuation in income and has provided for income averaging with certain limitations. 26 U.S.C. §§ 1301-1305 (1976). If plaintiff has a remedy he will have to find it in the Internal Revenue Code. We have examined the cases cited to us by plaintiff in support of his desired tax treatment but find them inapposite. We know of no authority for relief such as plaintiff seeks in the pending motion.
it is therefore ordered that the motions for summary judgment are allowed in part and denied in part in conformity with the foregoing discussion. Plaintiffs demands for compensation for ngaus life and disability insurance are denied. Plaintiffs demand for equitable adjustment and correction of his tax records is denied. Judgment is entered in favor of plaintiff in the amount of $1,531.81 for back pay. All other relief sought is denied.