NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICHARD E. DEOCAMPO,**
*Petitioner,*

**v.**

**DEPARTMENT OF THE ARMY,**
*Respondent.*

---

2013-3090

---

Petition for review of the Merit Systems Protection Board in No. SF0752110534-C-1.

---

Decided: January 7, 2014

---

DAVID P. CLISHAM, Clisham & Sortor, of San Francisco, California, for petitioner. With him on the brief was JUSTINE L. CLISHAM.

JANE C. DEMPSEY, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. On the brief were STUART F. DELERY, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DEBORAH A. BYNUM, Assistant Director. Of counsel was ELIZABETH A. SPECK, Trial Attorney.

---

Before RADER, *Chief Judge,* MOORE, and REYNA, *Circuit Judges.*

PER CURIAM.

The Merit Systems Protection Board (Board) affirmed the denial of Mr. Richard DeOcampo's petition for enforcement against the Department of the Army (Army). Because Mr. DeOcampo improperly raises new arguments on appeal and because the Board's decision contains no reversible error of fact or law, this court affirms.

I.

In March 2011, Mr. DeOcampo lost his position as a federal police officer for breaching safety procedures, which resulted in the negligent discharge of his firearm and an injury to his lower leg. Mr. DeOcampo appealed his removal to the Board, which dismissed the appeal after Mr. DeOcampo entered into a settlement agreement with the Army. Under the terms of the agreement, the Army agreed to rescind Mr. DeOcampo's removal and reinstate him effective March 27, 2011. For his part, Mr. DeOcampo agreed to "resign for medical reasons" effective September 16, 2011. Finally, the agreement specified that the Army would pay Mr. DeOcampo back pay within 60 days under the Back Pay Act, 5 U.S.C. § 5596. J.A. 193–96. The agreement was fully executed on October 4, 2011.

On December 21, 2011, more than 60 days after the settlement agreement went into effect, Mr. DeOcampo filed a petition for enforcement, contending that the Army had not paid him back pay compensation. In response, the Army provided details concerning its effort to process Mr. DeOcampo's back pay and included copies of numerous e-mail exchanges, time cards, Defense Finance and Accounting Service (DFAS) spreadsheets, and an affidavit

from the technician specialist responsible for processing Mr. DeOcampo's back pay. J.A. 59–81.

Mr. DeOcampo received his back pay check on January 13, 2012, around 40 days after it was due. However, Mr. DeOcampo contended that his regular pay was short 18 hours, that his Sunday premium pay was short 12 hours, that his night shift deferential was short one hour, that his annual leave was short one hour, and that his accrued sick leave, holiday pay, and annual uniform allowance were not included. Finally he contended that 24 hours of leave without pay was erroneously deducted. J.A. 85–90. The Army processed these objections and informed the Board that it agreed with certain errors identified by Mr. DeOcampo, but explained that others were without foundation. Following a teleconference with the Administrative Judge, Mr. DeOcampo identified only "three outstanding issues: (1) uniform allowance payment of $800; (2) payment for accrued and unused sick leave; and (3) attorneys fees." J.A. 163–64. The Army granted Mr. DeOcampo's request for a uniform allowance payment of $800, but denied the two remaining issues.

## II.

On April 19, 2012, the Administrative Judge issued an initial decision denying Mr. DeOcampo's petition for enforcement. The Administrative Judge found that although the Army's payment to Mr. DeOcampo was late, the Army exercised reasonable diligence and made payment, with interest, in January 2012. J.A. 6. The Administrative Judge also agreed with the Army that Mr. DeOcampo was not entitled to unused sick leave under the Back Pay Act and its implementing regulations. The Administrative Judge instructed Mr. DeOcampo to renew his attorney fees motion following the Board's final decision. J.A. 8.

On May 24, 2012, Mr. DeOcampo petitioned for review, contending that the Army did not provide him a

copy of the "Command Letter" from the Civilian Personnel Office to the Civilian Payroll Office, which lists an employee's back pay entitlements, and that the Army did not implement 5 C.F.R. § 550.805(d), which Mr. DeOcampo believes mandates payment of unused sick leave. J.A. 264–73. The Board affirmed the Administrative Judge's initial decision, holding that the settlement agreement did not require the production of the "Command Letter" and that Mr. DeOcampo did not show that the Army's detailed accounting was insufficient. J.A. 16. The Board further held that Mr. DeOcampo was not entitled to a lump-sum payment for unused sick leave "because there is nothing in the language of the Back Pay Act itself that authorizes lump-sum payments for sick leave." J.A. 16–17. Mr. DeOcampo appeals the Board's decision.

## III.

This court "must affirm unless the Board's decision is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law, obtained without procedures required by rule, law, or regulation, or unsupported by substantial evidence." *Addison v. Dep't of Health & Human Servs.*, 945 F.2d 1184, 1186 (Fed. Cir. 1991); *see also* 5 U.S.C. § 7703(c). This court has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McEntee v. Merit Sys. Prot. Bd.*, 404 F.3d 1320, 1325 (Fed. Cir. 2005).

Mr. DeOcampo argues that the Army is in breach of the settlement agreement, and therefore, the agreement should be rescinded. Specifically, Mr. DeOcampo argues that the Army did not provide him a copy of his Official Personnel File and any other file used for personnel purposes under 5 U.S.C. § 552(b) and 5 C.F.R. § 293.102. Mr. DeOcampo further charges that the Army did not produce evidence that it paid Mr. DeOcampo back pay

within 60 days of the settlement agreement and did not provide Mr. DeOcampo payment for unused sick leave.

Mr. DeOcampo has waived his first argument. He did not argue to the Board that he is entitled to documents under 5 U.S.C. § 552(b) and 5 C.F.R. § 293.102. *See Sargent v. Dep't of Health & Human Servs.*, 229 F.3d 1088, 1091 (Fed. Cir. 2000) ("Our precedent clearly establishes the impropriety of seeking a reversal of the [B]oard's decision on the basis of assertions never presented to the presiding official or to the [B]oard."). To the extent Mr. DeOcampo alleges that he did not receive evidence of the Army's compliance with the settlement agreement, this assertion is contrary to substantial evidence contained in the record. For example, the record contains "detailed spreadsheets supported by affidavits that explained the back pay calculation pay period by pay period." J.A. 16. Accordingly, the Board's finding that the Army's accounting was sufficient to establish compliance with the settlement agreement is supported by substantial evidence.

Mr. DeOcampo's contention that the Army did not pay him back pay within 60 days is not disputed. The Army concedes that it paid Mr. DeOcampo around 40 days late. However, the record shows that Mr. DeOcampo was continuously advised of the Army's efforts and that he received interest on the late payment to compensate for the delay. J.A. 4. The Board correctly determined that the Army's minor delay in processing Mr. DeOcampo's payment does not constitute a material breach of the settlement agreement that warrants rescission. *See Lutz v. U.S. Postal Serv.*, 485 F.3d 1377, 1381 (Fed. Cir. 2007) ("A breach is material when it relates to a matter of vital importance, or goes to the essence of the contract.").

Mr. DeOcampo's argument about unused sick leave is likewise unavailing. Mr. DeOcampo relies on 5 C.F.R. § 550.805(d), which states:

> In computing the amount of back pay under section 5596 of title 5, United States Code, and this subpart, an agency shall grant, upon request of an employee, any sick or annual leave available to the employee *for a period of incapacitation if the employee can establish that the period of incapacitation was the result of illness or injury.*

5. C.F.R. § 550.805(d) (emphasis added). The language requiring an employee to "establish that the period of incapacitation was the result of illness or injury" clearly indicates that this provision is unrelated to the lump-sum payment of unused sick leave. Rather, as the Board stated, this provision means that "the employee can choose to use available annual or sick leave during a back pay period . . . instead of being placed in a regular pay status during the back pay period if he determined that to be advantageous. It does not authorize a pay-out of sick leave." J.A. 17–18.

Furthermore, the Board's reliance on the Back Pay Act and its implementing regulation is reasonable. The Back Pay Act entitles Mr. DeOcampo to "pay, allowances, or differentials." 5 U.S.C. § 5596(b). The Back Pay Act's implementing regulation defines the terms "pay, allowances, and differentials," and specifically excludes monetary benefits "payable to separated or retired employees based upon a separation from service, such as retirement benefits, severance payments, and lump-sum payments for annual leave." 5 C.F.R. § 550.803. Mr. DeOcampo's argument that he is not a "separated" employee ignores the fact that Mr. DeOcampo, under the terms of the stipulation, agreed to resign.

## IV.

Mr. DeOcampo's remaining arguments have been carefully considered and found unpersuasive. This court holds that the Board's decision is in accordance with law

and supported by substantial evidence. The decision of the Board is affirmed.

**AFFIRMED**