**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ANNETTE DAVIS,
            Appellant,

v.

DEPARTMENT OF THE INTERIOR,
            Agency.

DOCKET NUMBER
AT-0752-09-0860-X-1
AT-0752-09-0860-C-2

DATE:  February 28, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Adam J. Conti, Esquire, Atlanta, Georgia, for the appellant.

Kevin D. Mack, Esquire, Sacramento, California, for the agency.

Pernell Telfort, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

In a January 13, 2023 order, the Board affirmed the administrative judge's compliance initial decision finding the agency in noncompliance with the Board's August 15, 2014 Final Order reversing the appellant's removal and ordering her restored to duty, with back pay and appropriate benefits.  *Davis v. Department of*

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

*the Interior*, MSPB Docket No. AT-0752-09-0860-C-2, Order (Jan. 13, 2023) (C-2 Order); Compliance Petition for Review (CPFR) File, Tab 5; *Davis v. Department of the Interior*, MSPB Docket No. AT-0752-09-0860-E-1, Final Order (Aug. 15, 2014) (E-1 Final Order). For the reasons discussed below, we now find the agency in compliance and DISMISS the petition for enforcement.

## DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

On August 15, 2014, the Board issued a nonprecedential final order concurring in and adopting a decision of the Equal Employment Opportunity Commission (EEOC) that had found the agency removed the appellant in retaliation for her prior equal employment opportunity (EEO) activity. E-1 Final Order at 6. The Board ordered the agency, in pertinent part, to restore the appellant to duty and to pay her appropriate back pay, with interest, and benefits.[2] *Id.* at 6-7.

On May 15, 2017, the appellant filed a petition for enforcement regarding her restoration and benefits.[3] *Davis v. Department of the Interior*, MSPB Docket No. AT-0752-09-0860-C-2, Compliance File (CF), Tab 1. She acknowledged that the agency restored her to duty, paid her the correct amount of back pay, and properly restored the annual and sick leave she would have accrued during the approximately 5-year back pay period. *Id.* at 4-5. However, she asserted that the agency had improperly caused her to forfeit 416 hours of restored annual leave by

---

[2] The Board also forwarded the appellant's compensatory damages claim to an MSPB regional office for separate adjudication. E-1 Final Order at 6. On February 18, 2015, the administrative judge found in the appellant's favor on her compensatory damages claim and ordered the agency to pay her $20,000. *Davis v. Department of the Interior*, MSPB Docket No. AT-0752-09-0860-P-1, Damages File, Tab 9, Initial Decision at 6. The EEOC concurred in that decision on November 22, 2019. *Davis v. Department of the Interior*, MSPB Docket No. AT-0752-09-0860-P-1, Damages Petition for Review File, Tab 3. The compensatory damages award is not relevant to the compliance issues currently before the Board.

[3] The appellant had filed a previous petition for enforcement, which she then withdrew. *Davis v. Department of the Interior*, MSPB Docket No. AT-0752-09-0860-C-1, Compliance File, Tab 3, Compliance Initial Decision. The first petition for enforcement is not relevant to the instant proceedings.

failing to place it in a separate accounting system and failing to permit her to use it over an extended period of time. *Id.* On July 10, 2017, the administrative judge issued a compliance initial decision granting the petition for enforcement and directing the agency to restore the 416 hours of erroneously forfeited annual leave, place it in a separate account reserved for hours restored pursuant to 5 C.F.R. § 550.805(g), and permit her to schedule and use leave by the end of the leave year in progress 4 years after the date on which the separate leave account was established. CF, Tab 8, Compliance Initial Decision (CID) at 6-7.

The agency filed a petition for review of the compliance initial decision, which the Board denied on January 13, 2023, as untimely filed. In this Order, the Board directed the agency to comply with the instructions in the compliance initial decision, explained above. C-2 Order at 4-5.

In response, on March 30 and August 29, 2023, the agency submitted pleadings acknowledging its obligations with respect to the 416 hours but stating that it could not restore the leave because the appellant had resigned from the agency on September 10, 2021. *Davis v. Department of the Interior*, MSPB Docket No. AT-0752-09-0860-X-1, Compliance Referral File (CRF), Tab 7 at 4, 6.[4] The agency instead paid the appellant a lump sum of $11,448.03 for the leave, which it explained was the appellant's hourly wage as of November 2021, multiplied by the number of annual leave hours, and less taxes and applicable deductions. CRF, Tab 7 at 5, Tab 10 at 6.

The appellant did not contest that payment is appropriate under the circumstances or that the agency had paid her this amount, nor did she contest the various deductions. However, she objected that the agency's response to the January 13, 2023 order was filed 1 day late, after the date the agency itself had requested an extension of time. CRF, Tab 6 at 4-5. More substantively, she

_____

[4] In their pleadings, the agency and the appellant both give this date variously as September 10, 2021, and September 10, 2022, but the documentation supplied by the agency makes plain that the correct year is 2021. CRF, Tab 7 at 6-7. We therefore find that both parties' occasional references to 2022 are typographical errors.

contended the agency was obligated to calculate the value of the 416 hours of leave using the 2023 hourly wage for the position she had occupied, although she had resigned nearly 2 years earlier. CRF, Tab 8 at 8-9, Tab 11 at 5. She also asserted that the agency was required to pay her interest on the annual leave amount, which she believes should be calculated beginning January 2017, when the agency erroneously required her to forfeit the leave. CRF, Tab 8 at 10. As explained below, the appellant's calculations would provide her with a windfall rather than restore her to the status quo ante (which is the only relief available in a meritorious petition for enforcement), and we therefore reject them.

## ANALYSIS

When the Board finds a personnel action unwarranted or not sustainable, it orders that the appellant be placed, as nearly as possible, in the situation she would have been in had the wrongful personnel action not occurred. *House v. Department of the Army*, 98 M.S.P.R. 530, ¶ 9 (2005). The agency bears the burden to prove its compliance with a Board order. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011). An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Id.* The appellant may rebut the agency's evidence of compliance by making "specific, nonconclusory, and supported assertions of continued noncompliance." *Brown v. Office of Personnel Management*, 113 M.S.P.R. 325, ¶ 5 (2010).

The Appropriate Hourly Rate

The agency stated that it calculated the lump sum for the erroneously withheld 416 annual leave hours using the hourly rate for the appellant's position as of November 24, 2021. CRF, Tab 10 at 6. The agency explained that it arrived at this date by following an Office of Personnel Management (OPM) regulation requiring the agency to project the unused leave from the first workday after separation, and counting all subsequent workdays and holidays until the

leave was exhausted, and to pay out the leave using the hourly rate in effect as of this exhaustion date. *Id.*; *see* 5 C.F.R. § 550.1204(a) ("A lump-sum payment must equal the pay an employee would have received had he or she remained in the Federal service until the expiration of the accumulated and accrued annual leave to the employee's credit."). The appellant separated from the agency on September 10, 2021. According to the agency's calculations, projecting the leave forward from that date resulted in exhaustion of the leave on November 23, 2021. The agency therefore used the rate of pay for the appellant's position as of November 24, 2021. CRF, Tab 10 at 6.

As explained above, the appellant did not contest the agency's calculations or deductions related to the lump sum payment for the 416 annual leave hours, except that she contended that the agency should have used the hourly rate for her position as of the date the payment was made, March 7, 2023. CRF, Tab 11 at 5. She did not counter the agency's citation of the OPM regulation governing leave lump-sum payments, 5 C.F.R. § 550.1204(a); instead, she argued that the agency's "illegal act" depriving her of the opportunity to use the leave during her employment justifies "equitable relief" of granting her the present value of the leave. CRF, Tab 11 at 5-6. She also contended that the agency's selection of the hourly rate was "arbitrary." *Id.* at 5.

We disagree. The agency did not act arbitrarily: it properly followed OPM regulation and correctly calculated the lump sum value of the appellant's leave as if it had been paid out as of her actual separation. In contrast, the appellant's requested calculation would improperly grant her a windfall. *Rittgers v. Department of the Army*, 123 M.S.P.R. 31, ¶ 13 (2015) (stating that appellant in a petition for enforcement is entitled to be restored to the status quo ante, but not to receive a windfall). The appellant's repeated exhortations to award her "equitable" or extra relief go beyond the scope of these compliance proceedings. As the appellant recognizes, *see* CRF, Tab 11 at 6, the purpose of this proceeding is to return the parties to the status quo ante—here, to place the appellant in the

same position she would have been in had the agency all along fully complied with the relief granted in the Board's original August 15, 2014 Final Order. Had the agency never erroneously withheld the leave, the appellant might have used it prior to her separation in September 2021. If she had not fully used it, the agency would have paid it out as of her separation. That is precisely what the agency has now done. No more is required. Indeed, no more is permitted. *See Rittgers*, 123 M.S.P.R. 31, ¶ 13.

Interest on the Lump Sum

We likewise reject the appellant's arguments regarding interest on the annual leave lump sum payment. The appellant argued that equitable considerations require that: (1) she be paid interest on the lump sum payment; and (2) such interest should be calculated starting from January 2017, when the agency wrongfully deprived her of the use of her leave. CRF, Tab 8 at 10. As the agency correctly noted, however, CRF, Tab 10 at 7, the Back Pay Act and its implementing regulations—which govern the remedies awarded in this proceeding—specify that interest is to be paid on back pay, but not on lump-sum payments for annual leave. 5 U.S.C. § 5596(b)(2)(A) (specifying that interest is available for back pay but not for lump-sum annual leave payments); 5 C.F.R. § 550.803 (same). Although, as the appellant pointed out, CRF, Tab 11 at 6-7, two of the three cases cited by the agency on this issue did not arise out of MSPB proceedings and are not binding on the Board, the statute and implementing regulations themselves expressly counter the appellant's position. Moreover, the third case cited by the agency, a short nonprecedential decision of the Federal Circuit arising out of an MSPB appeal, recognizes this statutory prohibition. *DeOcampo v. Department of the Army*, 551 F. App'x 1000, 1003 (Fed. Cir. 2015) (nonprecedential). We therefore find that the agency properly did not pay interest on the lump-sum annual leave payment.

The Appellant's Remaining Contentions

The appellant also complained that the agency's original response in this compliance referral matter was filed 1 day late, and therefore should not be considered; that the agency's generally non-cooperative, "arrogan[t]," and "cavalier" conduct throughout every iteration of the appellant's proceedings should count against it; that the agency's noncompliance with the Board's orders amounts to "theft" of her annual leave; and that the discrimination claim in appellant's underlying case authorizes the Board to craft a broader equitable remedy under Title VII. CRF, Tab 8 at 6-7, Tab 11 at 8-11. Again, we must disagree.

As to the first contention, we recognize the agency's explanation that its motion for an extension contained a typographical error as to the date it sought, CRF, Tab 7 at 4, and excuse the lateness on that ground; and in any event, we required more information from both parties before rendering the instant decision.

As for the remaining contentions, we recognize that this has been an unfortunately protracted process, due in no small part to the Board's 5-year lack of quorum, which prevented us from quickly ruling on the agency's August 2017 petition for review of the compliance initial decision. However, the length of time taken to reach full compliance does not justify expanding the appellant's remedy beyond that specified in the Board's original decision and reaffirmed in the January 2023 Order governing the present proceeding. Nor may we, in this proceeding, heed the appellant's urging to craft an equitable remedy under the auspices of Title VII. The only issue in this appeal is compliance with the Board's prior orders setting the appropriate remedy—not relitigation of that remedy or of the underlying discrimination claim. *See King v. Reid*, 59 F.3d 1215, 1219 (Fed. Cir. 1995); *Choroszy v. Department of Homeland Security*, MSPB Docket No. PH-315H-16-0458-I-1, Final Order, ¶ 15 (Apr. 27, 2022) (nonprecedential). The appellant correctly filed a separate proceeding seeking compensatory damages for the agency's discrimination against her, and in that

appeal was awarded $20,000. *Davis v. Department of the Interior*, MSPB Docket No. AT-0752-09-0860-P-1, Damages File, Tab 9, Initial Decision. The remedy in the instant proceeding is governed by civil service laws, and the agency has now met its obligation under the civil service laws.

Accordingly, we find the agency in compliance and dismiss the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

**NOTICE OF APPEAL RIGHTS[5]**

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
P.O. Box 77960<br>
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
131 M Street, N.E.<br>
Suite 5SW12G<br>
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD:              _____
                             Gina K. Grippando
                             Clerk of the Board

Washington, D.C.