**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2023 MSPB 14**

Docket Nos. DC-0752-12-0366-X-1
DC-0752-12-0366-X-2

**Mary A. Abbott,**

**Appellant,**

**v.**

**United States Postal Service,**

**Agency.**

March 23, 2023

Allison E. Eddy, Esquire, Virginia Beach, Virginia, for the appellant.

Jasmin A. Dabney, Landover, Maryland, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**OPINION AND ORDER**

¶1      This compliance proceeding was initiated by the appellant's February 21 and October 17, 2017 petitions for enforcement of the Board's December 20, 2016 Final Order. *Abbott v. U.S. Postal Service*, MSPB Docket No. DC-0752-12-0366-B-1, Final Order (Dec. 20, 2016) (B-1 Final Order); *Abbott v. U.S. Postal Service*, MSPB Docket No. DC-0752-12-0366-C-1, Compliance File (C-1 CF), Tab 1; *Abbott v. U.S. Postal Service*, MSPB Docket No. DC-0752-12-0366-C-2, Compliance File (C-2 CF), Tab 1. On July 27, 2017, the administrative judge issued the first of two compliance initial decisions finding the agency not in

compliance with the Board's order.[1]  C-1 CF, Tab 11, Compliance Initial Decision (C-1 CID).  On April 27, 2018, the administrative judge issued the second compliance initial decision, again finding the agency not in compliance with the Board's order.  C-2 CF, Tab 10, Compliance Initial Decision (C-2 CID).

¶2    For the reasons discussed below, we REOPEN these cases on our motion under 5 C.F.R. § 1201.118 and MODIFY the compliance initial decisions to find that the appellant is *not* entitled to back pay for the period following her disability retirement.  In addition, we now find the agency in compliance and DISMISS the petitions for enforcement.

BACKGROUND

The Appellant's Suspension Appeal

¶3    The appellant was employed as an EAS-17 supervisor for the agency in Newport News, Virginia.  *Abbott v. U.S. Postal Service*, MSPB Docket No. DC-0752-12-0366-I-1, Initial Appeal File (IAF), Tab 1 at 1.  On January 6, 2012, the agency proposed placing the appellant on enforced leave, claiming there was no available work within her medical restrictions.  IAF, Tab 8 at 61.  On February 6, 2012, the agency issued a final decision effecting the enforced leave action against her, commencing February 8, 2012.  *Id.* at 17.  On February 9, 2012, the appellant appealed the agency's enforced leave action to the Board.  IAF, Tab 1.  She argued that she was able to perform the essential functions of her position despite her medical restrictions and that the agency's refusal to allow her to return to work constituted disability discrimination.  IAF, Tab 12 at 2-5.

---

[1] Due to administrative error, following the issuance of the first compliance initial decision, the appellant's first petition for enforcement was not immediately referred to the Office of General Counsel to obtain compliance.  Because the subject matter of the appellant's first and second petitions for enforcement are substantially similar, we hereby JOIN the two petitions for enforcement.  5 C.F.R. § 1201.36(a)(2).

¶4     On or about February 7, 2012, the appellant applied for disability retirement with the Office of Personnel Management (OPM).  IAF, Tab 27 at 17. In April 2012, OPM prepaid to the appellant the sum of $4,487.00 as part of her disability retirement annuity.  *Abbott v. U.S. Postal Service*, MSPB Docket No. DC-0752-12-0366-X-1, Compliance Referral File (CRF), Tab 6 at 6.  On June 4, 2012, OPM granted the appellant's disability retirement application, which terminated the appellant's employment.  IAF, Tab 27 at 38.

¶5     On June 23, 2014, the Board issued an opinion holding that the agency's action constituted an enforced leave constructive suspension within the Board's jurisdiction and remanded the appeal to the administrative judge for adjudication on the merits.  *Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294, ¶¶ 10-11 (2014). On March 22, 2016, following remand, the administrative judge affirmed the agency's enforced leave constructive suspension and found that the appellant failed to prove her affirmative defense of disability discrimination.  *Abbott v. U.S. Postal Service*, MSPB Docket No. DC-0752-12-0366-B-1, Remand File, Tab 10, Remand Initial Decision.  The appellant petitioned for review.

¶6     On December 20, 2016, the Board issued a nonprecedential final order reversing the agency's suspension action.  B-1 Final Order at 1-12.  The Board found that the agency failed to prove by preponderant evidence that the appellant was unable to perform the essential functions of her position due to her medical restrictions.  *Id.* at 10.  However, the Board affirmed the administrative judge's finding that the appellant failed to establish her affirmative defense of disability discrimination because the record supported the administrative judge's conclusion that the agency sufficiently attempted to reasonably accommodate the appellant's disability prior to the commencement of her disability retirement.[2]

---

[2] On May 18, 2017, the Equal Employment Opportunity Commission issued a decision concurring with the Board's finding on the appellant's disability claim.  *Abbott v. U.S.*

*Id.* at ¶¶ 21-22.  Based on its findings, the Board ordered the agency to cancel its suspension action and to pay the appellant the correct amount of back pay, with interest, and provide other benefits as appropriate.  *Id.* at ¶¶ 23-25.  The Board's order did not specify the appropriate time period for the back pay award.

The Appellant's First Petition for Enforcement

¶7        On February 21, 2017, the appellant filed her first petition for enforcement with the Board.  C-1 CF, Tab 1.  The appellant argued in her petition that the agency had not cancelled its suspension action, nor had it paid the appellant any of the back pay or other benefits she was owed.  *Id.* at 4-5.  On March 10, 2017, the agency responded to the petition for enforcement, arguing that the appellant's choice to go on disability retirement obviated the need to reverse the enforced leave constructive suspension.  C-1 CF, Tab 3 at 4-5.  The agency further stated that it had not yet paid the appellant her back pay because it was waiting for additional data from OPM.  *Id.* at 5.  On March 15, 2017, the appellant replied to the agency's response, arguing that her back pay should continue past the date her disability retirement commenced.  C-1 CF, Tab 4 at 6-11.

¶8        On July 27, 2017, the administrative judge issued a compliance initial decision finding the agency not in compliance.  C-1 CID at 2.  The administrative judge found that the agency had not taken any action to reverse the suspension.  C-1 CID at 4-5.  Additionally, relying on *Spencer v. Department of the Navy*, [82 M.S.P.R. 149](82 M.S.P.R. 149), ¶ 17 (1999), the administrative judge found that the appellant's entitlement to back pay and other benefits was not limited by OPM's award of disability retirement benefits and thus continued beyond the date she retired.  C-1 CID at 4-5.  The administrative judge did not specify an end date for the back pay and other benefits.

---

*Postal Service*, MSPB Docket No. DC-0752-12-0366-B-1, Remand Petition for Review File, Tab 10.

The Appellant's Second Petition for Enforcement

On October 17, 2017, the appellant filed a second petition for enforcement. C-2 CF, Tab 1. The appellant alleged that, after the issuance of the July 27, 2017 compliance initial decision, she received back pay from the agency purportedly covering the time period of February 8, 2012 (when her suspension began) to June 4, 2012 (the effective date of her disability retirement), but reasserted her position that the back pay period should continue past June 4, 2012. *Id.* at 5. The appellant also repeated her argument that the agency had not yet taken any steps to cancel her suspension. *Id.* at 6. On January 30, 2018, the agency responded to the second petition for enforcement. *Abbott v. U.S. Postal Service,* MSPB Docket No. DC-0752-12-0366-A-2, Attorney Fee File, Tab 10.[3] The agency stated in an unsworn statement that the enforced leave letter which created the appellant's suspension had been deleted from her electronic Official Personnel File. *Id.* at 4-5. Regarding the back pay, the agency argued that paying back pay beyond the disability retirement date would not be appropriate unless the appellant had filed an involuntary retirement appeal, which she had not done. *Id.* at 6-7. Moreover, the agency argued that the appellant had not shown she was ready, willing, and able to work at any time following the date of her disability retirement. *Id.* at 7-9. On February 6, 2018, the appellant replied to the agency's response. C-2 CF, Tab 9. The appellant repeated her argument that the disability retirement award should not limit her back pay award and further argued that, in any event, she was ready, willing, and able to return to work. *Id.* at 8-15. The appellant also argued that the agency still had not provided any proof that it cancelled her suspension. *Id.* at 5-7.

---

[3] It appears that, due to administrative error by the agency, the agency's response to the acknowledgment order was inadvertently filed in a separate proceeding related to the appellant's petition for attorney fees.

¶10     On April 27, 2018, the administrative judge issued an initial decision on the second petition for enforcement and again found the agency not in compliance.  C-2 CID at 2.  The administrative judge found that the agency still had not provided any evidence that it cancelled the appellant's suspension.  C-2 CID at 6.  With respect to the back pay, the administrative judge found that the agency failed to account for any interest owed on the back pay and also repeated her prior finding that the disability retirement award should have no impact on the appellant's back pay award under *Spencer*.  *Id*.   Neither party filed a petition for review with the Board.

The Joined Enforcement Proceedings Before the Board

¶11     On June 8, 2018, the Board issued an acknowledgment order in furtherance of obtaining compliance with respect to both the first and second compliance initial decisions.  CRF, Tab 1; *see* 5 C.F.R. § 1201.183(b)-(c).

¶12     On June 23, 2018, the agency submitted a pleading which declared under penalty of perjury that the letter effecting the appellant's suspension was removed from the appellant's personnel file in July 2017.  CRF, Tab 2 at 4-5.  On August 8, 2018, the agency submitted a supplemental response which provided a narrative explanation of its back pay award, along with evidence that interest was paid on the back pay.  CRF, Tab 6 at 4-27.  The agency also reiterated its belief that the back pay should not continue past the date of the appellant's disability retirement (June 4, 2012).  *Id.* at 8-11.

¶13     On August 22, 2018, the appellant replied to the agency's supplemental response.  CRF, Tab 7.  The appellant repeated her argument that her back pay award should not be limited by her disability retirement award.  *Id.* at 7-24.  The appellant further claimed that the funds the agency paid to the appellant were both inaccurate and in need of further explanation. *Id.* at 24.

ANALYSIS

¶14     When the Board finds a personnel action unwarranted or not sustainable, it orders that the appellant be placed, as nearly as possible, in the situation she would have been in had the wrongful personnel action not occurred. *House v. Department of the Army*, 98 M.S.P.R. 530, ¶ 9 (2005). The agency bears the burden to prove its compliance with a Board order. An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011). The appellant may rebut the agency's evidence of compliance by making "specific, nonconclusory, and supported assertions of continued noncompliance." *Brown v. Office of Personnel Management*, 113 M.S.P.R. 325, ¶ 5 (2010).

¶15     The agency's outstanding compliance issues were its obligations to: (1) cancel the suspension action; and (2) pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Back Pay Act and/or Postal Service regulations. The agency has submitted multiple pleadings in its ongoing attempts to reach full compliance. The appellant has raised objections to the agency's efforts to reach compliance on each requirement, which will be addressed in turn below.

Cancellation of Suspension

¶16     The appellant argues that the agency has not provided evidence that it cancelled the suspension action. CRF, Tab 7 at 5-7. We disagree. The agency's sworn statement that the letter which created the appellant's suspension has been removed from her personnel file is sufficient to demonstrate compliance. CRF, Tab 2 at 4-5. The appellant's suspension was an enforced leave constructive suspension, rather than a traditional agency-initiated suspension, meaning that the documentation reflecting that suspension would be the letter forcing her to take leave. The removal of that letter from her personnel file effectively cancelled the

enforced leave constructive suspension. Accordingly, we find that the agency is now in compliance with respect to the cancellation requirement.

Back Pay

¶17 The appellant argues that the amount of back pay paid by the agency is incorrect, in terms of the accuracy of the amount actually paid and the scope of the award. CRF, Tab 7 at 7-24. As explained below, we find the agency to be in compliance in both aspects.

*Back Pay Scope*

¶18 The parties' primary disagreement pertains to the proper termination date of the back pay period. The appellant maintains that the back pay period should not be cut off by her retirement and should instead continue through the present, despite the fact that she retired. The agency argues that the appellant's right to back pay should end on the date her disability retirement commenced. In both the first and second compliance initial decisions, the administrative judge agreed with the appellant, relying on *Spencer*. C-1 CID at 4-5; C-2 CID at 6-7. Upon further review of the parties' submissions, we disagree with the administrative judge's ruling and modify the compliance initial decisions to hold that the back pay period ends on the date the appellant retired, June 4, 2012.

¶19 We held in *Spencer* that the appellant's disability retirement award did not preclude a back pay award stemming from a reversed removal decision. *Spencer*, 82 M.S.P.R. 149, ¶ 17. This was because, when the removal decision was reversed, the appellant was reinstated on the employment rolls and, as a result, OPM retroactively rescinded its award of disability retirement benefits. *Id*. The appellant now argues that this holding should be extended to her cancelled suspension. But the appellant in this case is not in the same posture as the appellant in *Spencer*. She was not removed, nor did she appeal—let alone obtain a reversal of—her retirement, and thus she remains on disability retirement. Applying *Spencer* in this manner would be beyond the bounds of the Board's

authority. The Board's authority under the Back Pay Act is limited to granting back pay for the personnel action that was corrected; here, that was the suspension. *See* 5 U.S.C. § 5596(b)(1)(A). To extend the back pay period beyond her disability retirement date would be to grant back pay for the termination of her employment, i.e., for a removal or constructive removal. Because the appellant did not appeal her retirement as a constructive removal, the Board is without authority to grant back pay beyond the reversed suspension. Thus, the appellant's back pay under this appeal cannot extend beyond the date of her disability retirement.

¶20      Before the administrative judge, the appellant argued that *Smith v. Department of the Army*, 458 F.3d 1359 (Fed. Cir. 2006), allowed the Board to grant back pay for an unappealed personnel action. The Federal Circuit held in *Smith* that the Board and the Equal Employment Opportunity Commission's (EEOC) finding that the petitioner was subjected to illegal disability discrimination required that the Board award damages not just for the personnel action at issue, but also for the discrimination. *Id*. at 1365-70. The Federal Circuit further found that, because the illegal discrimination directly led to a separate personnel action that was never appealed to the Board, the Board was empowered by Title VII to order back pay for that separate personnel action in order to grant relief for the discrimination, even though that personnel action was not appealed. *Id*. Here, *Smith* does not apply because both the Board and the EEOC expressly found no discrimination by the agency. As such, the Board's authority here is limited to remedying only the actual personnel action appealed.[4]

---

[4] Because we are not addressing the unappealed personnel action, we do not reach the agency's contention that the appellant was not ready, willing, and able to work.

*Paid Back Pay Funds*

¶21        Finally, with respect to the actual amount of back pay paid by the agency, we find the agency in compliance.  The agency's documentation shows its calculations regarding salary, benefits, deductions, and interest are all accurate for the back pay period approved in the preceding section.  The appellant claims that the agency improperly deducted $117.46 from her back pay for retirement, but did not add to her retirement or Thrift Savings Plan (TSP).  CRF, Tab 7 at 24.  This argument appears to be based on a misunderstanding of the retirement deduction.  The agency's withholding of the $117.46 was not for the appellant's TSP contribution—it was the 0.8% retirement deduction required of all Federal employees hired prior to December 31, 2012.  *See* 5 U.S.C. § 8422(a)(3)(A).  As such, the agency's withholding of these funds was proper.

¶22        The appellant is similarly mistaken with respect to the $4,487.00 withheld from her back pay.  The appellant interprets the agency's narrative statement to mean that it paid the appellant these funds.  However, the agency's statement indicates that the appellant was paid this amount by OPM in 2012 as a prepayment on her disability retirement award.  CRF, Tab 6 at 6.  As a result, the agency was required by regulation to pay those funds back to OPM to avoid her gaining a windfall.  *Id.*; *see* 5 C.F.R. 550.805(e).  As the appellant has not in any way disputed the agency's statement that she originally received those funds from OPM, we find the withholding to be appropriate.

¶23        Regarding the interest owed on the back pay, the agency's documentation demonstrates that it paid the appellant the correct amount of interest.  The interest accounted for all gross back pay owed to her, minus the funds attributed to her OPM repayment and her terminal leave payment.[5]  CRF, Tab 6 at 19-27.

---

[5] Terminal leave payments are not eligible for interest under the Back Pay Act.  *See* 5 U.S.C. § 5596(b)(2)(A); *see also Athey v. United States*, 123 Fed. Cl. 42, 60-61 (2015), *aff'd*, 908 F.3d 696 (Fed. Cir. 2018).

Consequently, the agency has demonstrated that it is in full compliance regarding the interest owed to the appellant.

¶24 In light of the foregoing, because the agency's combined submissions demonstrate that the agency has provided the appellant back pay and benefits for the period of her suspension through the date of her disability retirement, we find that the agency has now reached full compliance. Accordingly, the Board finds that the agency is in compliance and dismisses the petitions for enforcement. This is the final decision of the Merit Systems Protection Board in these compliance proceedings. Title 5 of the Code of Federal Regulations, section 1201.183(b) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b).

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court

of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:


/s/
_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.