## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MICHAEL E. STEVENSON JR.,
       Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,
       Agency.

DOCKET NUMBER
DA-0714-19-0524-C-1

DATE: October 9, 2024

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Michael E. Stevenson Jr.</u>, Piedmont, Oklahoma, pro se.

<u>Chau Phan</u>, Denver, Colorado, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the compliance initial decision, which denied his petition for enforcement and found that the agency complied with the Board's February 16, 2023 Final Order by canceling the appellant's removal and issuing a new Standard Form (SF) 50 reflecting that the appellant retired on disability under the Federal Employees' Retirement System

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

(FERS), effective the day after the canceled removal action. On petition for review, the appellant argues that the effective date of his FERS disability retirement is incorrect; states that he unsuccessfully attempted to submit evidence demonstrating that he was "ready, willing, and able" to perform the duties of the position to which he was temporarily assigned at the time of his separation; alleges that the administrative judge was biased against him and favored the agency; reasserts that he should have been granted retirement credentials and a badge set; and argues that the agency improperly included documents in the record without his authorization. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.

¶2        Regarding the appellant's argument that he unsuccessfully attempted to file a response to the administrative judge's show cause order arguing that he was "ready, willing, and able" to perform the duties of the temporary position to which he was assigned, even if we were to consider this argument, we would not reach a different result than that reached by the administrative judge.[2]

---

[2] The appellant has provided several documents with his petition for review, all of which are either dated prior to the date the record closed in this appeal or were included in the record below, and so none of the documents are new. Compliance Petition for Review File, Tab 1 at 12-36, Tab 5 at 9-16; *Stevenson v. Department of Veterans*

Compliance Petition for Review (CPFR) File, Tab 1 at 7-10. As the administrative judge correctly observed in the compliance initial decision, the appellant applied for and was granted a FERS disability retirement annuity commencing the day after his removal, and entitlement to a disability retirement under FERS requires a finding by the Office of Personnel Management (OPM) that the employee is "unable, because of disease or injury, to render useful and efficient service" in his position. *Stevenson v. Department of Veterans Affairs*, MSPB Docket No. DA-0714-19-0524-I-1, Initial Appeal File (IAF), Tab 17, Initial Decision (ID) at 5; *see* 5 U.S.C. § 8451(a)(1)(B). The appellant failed to provide any evidence demonstrating that, despite the fact that he was awarded a FERS disability retirement as of the day after the canceled removal action, he was ready, willing, and able to complete his job duties for any period after the date of the reversed action, even though he was specifically afforded the opportunity to offer such evidence. ID at 5; *Stevenson v. Department of Veterans Affairs*, MSPB Docket No. DA-0714-19-0524-C-1, Compliance File (CF), Tab 9.

¶3      Regarding his specific argument that he could have performed the duties of the position to which he was temporarily assigned, although the appellant was assigned to temporary duties at the time of his removal, his position as a Supervisory Police Officer remained his position of record and was the position from which he was officially removed. CPFR File, Tab 1 at 13-14; IAF, Tab 4 at 12-15, 55-57. The Board has held that an appellant is entitled to back pay only if he is ready, willing, and able to work in the position he occupied prior

---

*Affairs*, MSPB Docket No. DA-0714-19-0524-C-1, Compliance File, Tab 3 at 20, 31-34, Tab 7 at 4-5; *see Okello v. Office of Personnel Management*, 112 M.S.P.R. 563, ¶ 10 (2009) (noting that under 5 C.F.R. § 1201.115(d), the Board will not consider evidence submitted for the first time with a petition for review absent a showing that it is both new and material); *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (explaining that evidence that is already a part of the record is not new). The appellant also has not explained how the documents are relevant to his appeal, and so we need not consider them. Nevertheless, to the extent these documents pertained to the appellant's argument that he was "ready, willing, and able" to serve in his position, we have addressed them here.

to the wrongful agency action, and an appellant's willingness to return to work during the back pay period to a position other than the one he occupied prior to his removal is not sufficient to establish his entitlement to back pay, absent a finding of disability discrimination. *Bullock v. Department of the Air Force*, 80 M.S.P.R. 361, ¶ 13 (1998); *Davis v. Department of the Navy*, 50 M.S.P.R. 592, 598 (1991).

¶4 The appellant's argument that he should be entitled to back pay for the period between the effective date of his removal, September 11, 2019, and the date of the Board's final order canceling the removal decision, February 16, 2023, is similarly unpersuasive. CPFR File, Tab 1 at 8-9, 11. The agency canceled the removal effective September 11, 2019, thereby retroactively reinstating the appellant to his position. CF, Tab 3 at 12. Nevertheless, the Board has held that the cancellation of an employee's removal does not require the agency to also reverse a separate intervening separation—in this case, the appellant's separation from the agency as a result of his approved FERS disability retirement application. *Washington v. Tennessee Valley Authority*, 22 M.S.P.R. 377, 379-80 (finding that when an employee would have been properly subject to separation by reduction in force (RIF) if he had not been previously removed for cause, the agency had authority to retroactively separate the employee by RIF after the Board ordered it to rescind the removal action), *aff'd*, 770 F.2d 180 (Fed. Cir. 1985) (Table); *see Abbott v. U.S. Postal Service*, 2023 MSPB 14, ¶¶ 18-20 (concluding that the Board was without authority to grant the appellant back pay for the period beyond her disability retirement date when she had not challenged her retirement as a constructive removal and there was no finding of discrimination in connection with the agency's actions leading to her separation).

¶5 There is also no support for the appellant's argument that the administrative judge was biased against him, favored the agency, or had a conflict of interest. CPFR File, Tab 1 at 4-6, Tab 5 at 4. The Board has consistently held that, in making a claim of bias against an administrative judge, the appellant must

overcome the presumption of honesty and integrity that accompanies all administrative adjudicators. *Washington v. Department of the Interior*, 81 M.S.P.R. 101, ¶ 7 (1999) (citing *In re King*, 1 M.S.P.R. 146, 151 (1979)). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions indicate a deep-seated favoritism or antagonism that would render fair judgment impossible. *Simpkins v. Office of Personnel Management*, 113 M.S.P.R. 411, ¶ 5 (2010) (quoting *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002)). The appellant has not provided any evidence to support his bare allegations of bias, and so his claims do not meet this rigorous standard. The mere fact that an administrative judge ultimately ruled in favor of the agency does not establish bias. *Hayden v. U.S. Postal Service*, 15 M.S.P.R. 296, 300 (1983), *aff'd*, 758 F.2d 668 (Fed. Cir. 1984) (Table); *Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133 (1980).

¶6        Similarly, regarding the appellant's argument that the administrative judge's acceptance of a pleading the agency submitted after the deadline evidenced bias, an administrative judge has wide discretion to control the proceedings before him and the Board will not infer bias based on an administrative judge's case-related rulings. CPFR File, Tab 5 at 4; CF, Tab 5 at 2, Tab 7 at 4; *see Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 18 (2013) (stating that the Board will not infer bias based on an administrative judge's case-related rulings); *King v. Department of the Army*, 84 M.S.P.R. 235, ¶ 6 (1999) (explaining that an administrative judge's case-related rulings, even if erroneous, are insufficient to establish bias warranting recusal and that claims of perceived adjudicatory errors do not provide a basis for recusal). Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.