**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

TERRI LYNNE HARRIS,
  Appellant,

  v.

UNITED STATES POSTAL SERVICE,
  Agency.

DOCKET NUMBER
AT-0752-17-0017-C-1

DATE: March 16, 2026

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Terri Lynne Harris</u>, Jonesboro, Georgia, pro se.

<u>Richard G. Saliba</u>, Esquire, Plano, Texas, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**REMAND ORDER**

The appellant has filed a petition for review of the compliance initial decision, which denied her petition for enforcement of the Board's final order granting relief for her constructive suspension. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the compliance initial decision finding the agency in compliance with the Board's order, and REMAND

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

Between 2015 and 2017, the appellant, who was employed as a Mail Processing Clerk, submitted multiple requests for leave without pay and reassignment to other positions as reasonable accommodation for her medical conditions. *Harris v. U.S. Postal Service*, MSPB Docket No. AT-0752-17-0017-I-1, Initial Appeal File (IAF), Tab 13 at 19-76. The agency denied the appellant's requests for reassignment on the basis that there was no work available within her medical restrictions. *Id.* at 21-33.

In October 2016,[2] the appellant filed a Board appeal alleging that she had been constructively suspended as a result of the agency's failure to reasonably accommodate her. IAF, Tab 1. On February 1, 2018, while her appeal was pending, the appellant applied for immediate retirement with a separation date of February 28, 2018. *Harris v. U.S. Postal Service*, MSPB Docket No. AT-0752-17-0017-C-1, Compliance File (CF), Tab 6 at 53-58, 62. On February 5, 2018, the administrative judge assigned to the appeal issued an initial decision reversing the appellant's constructive suspension and finding that the agency's failure to reassign her to a vacant and funded Administrative Assistant position, for which she was qualified, constituted disability discrimination. *Harris v. U.S. Postal Service*, MSPB Docket No. AT-0752-17-0017-I-2, Refiled Appeal File, Tab 4, Initial Decision (ID). Consequently, he ordered the agency to cancel the appellant's suspension, retroactively reassign her to the Administrative

---

[2] The original appeal was dismissed without prejudice because the appellant had a pending claim with the Department of Labor, Office of Workers' Compensation Programs. IAF, Tab 19. The appellant timely refiled her appeal on July 3, 2017, but it was initially docketed as a new restoration appeal. *Harris v. U.S. Postal Service*, MSPB Docket No. AT-0353-17-0665-I-1. That appeal was later joined with the refiled constructive suspension appeal, MSPB Docket No. AT-0752-17-0017-I-2.

Assistant position, effective September 3, 2016,[3] and provide her back pay. ID at 22. If either party filed a petition for review, as interim relief, the administrative judge ordered the agency to appoint the appellant to the Administrative Assistant position, effective the date of the initial decision. ID at 23.

On March 8, 2018, the agency filed a petition for review of the initial decision, accompanied by a certification of compliance with the interim relief order stating that it had processed the appellant's back pay from February 1, 2018 (which the agency apparently believed was the effective date of the interim relief order), to February 28, 2018, but that, while it had begun "taking steps to effect" the appellant's appointment to the Administrative Assistant position, the appellant's election to retire prevented it from doing so. *Harris v. U.S. Postal Service*, MSPB Docket No. AT-0752-17-0017-I-2, Petition for Review (PFR) File, Tab 1 at 18-19. In response, the appellant submitted a request to the agency on March 10, 2018, to change her retirement date to March 31, 2018, CF, Tab 6 at 63-64, and on March 23, 2018, she filed a pleading with the Board contending that the agency had sufficient time to return her to work in the Administrative Assistant position before her updated retirement date, PFR File, Tab 4 at 15. She also asserted, among other things, that she felt she had no choice but to retire in order to have some income. *Id.* The appellant further indicated that she was "considering trying to cancel her retirement."[4] *Id.* On August 15, 2022, the

---

[3] The Administrative Assistant position at issue was vacant in the summer of 2016. ID at 17-18. The administrative judge determined that, in the absence of any evidence regarding the amount of time it would have taken the agency to reassign the appellant to this position as a reasonable accommodation, the agency should have been able to do so by September 3, 2016. ID at 16-17 n.7. The administrative judge found insufficient evidence to establish that the agency had improperly denied the appellant's earlier requests for reassignment.

[4] Although the appellant is currently proceeding pro se, she has been represented by various individuals throughout the merits and compliance proceedings, including during the period in which the appellant indicated that she was considering a cancellation of her retirement. PFR File, Tab 4 at 15.

Board issued a final order affirming the initial decision in the appellant's constructive suspension appeal and requiring the agency to provide the relief set forth therein. PFR File, Tab 7.

On March 29, 2023, the appellant filed the instant petition for enforcement alleging that the agency had not complied with the Board's August 15, 2022 order, in part, because it had not yet effected her return to duty or "provided backpay with interest for the period from January 31, 2018 to the present." CF, Tab 1 at 8. The administrative judge issued a compliance initial decision first finding that the appellant's retirement extinguished the agency's duty to retroactively restore her to the Administrative Assistant position and to provide back pay beyond her date of retirement. CF, Tab 11, Compliance Initial Decision (CID) at 4-6. He then found that the appellant's other claims lacked merit[5] and denied her petition for enforcement. CID at 6-8.

The appellant has filed a petition for review, the agency has filed a response, and the appellant has filed a reply to the agency's response. *Harris v. U.S. Postal Service*, MSPB Docket No. AT-0752-17-0017-C-1, Compliance Petition for Review (CPFR) File, Tabs 1, 3, 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

When the Board finds a personnel action unwarranted, it orders that the appellant be placed, as nearly as possible, in the situation she would have been in had the wrongful personnel action not occurred. *House v. Department of the Army*, 98 M.S.P.R. 530, ¶ 9 (2005). On review, the appellant contends that,

---

[5] The appellant also alleged that the agency failed to provide an accounting of its backpay calculations, provided incorrect or incomplete forms to her insurance company regarding her return to duty, potentially resulting in the cancelation of her health insurance, and failed to provide documentation confirming that it canceled her suspension. CF, Tab 1 at 9-10. Because we are vacating the compliance initial decision and remanding this matter for reconsideration of whether the agency complied with the Board's August 15, 2022 order, we make no findings regarding these claims. On remand, the administrative judge may incorporate his prior assessment of these claims as appropriate.

pursuant to the U.S. Court of Appeals for the Federal Circuit's decision in *Smith v. Department of the Army*, 458 F.3d 1359 (Fed. Cir. 2006), her retirement did not extinguish the agency's obligation under the Board's August 15, 2022 final order to provide relief for her constructive suspension because it was a result of the agency's discriminatory action, namely, its failure to accommodate the appellant's disabilities by reassigning her to the Administrative Assistant position. CPFR File, Tab 1 at 5-10, Tab 5 at 4-6. For its part, the agency argues that the appellant's retirement was voluntary and that, because she did not appeal it as a separate personnel action, e.g., a constructive removal, the Board is limited under *Abbott v. U.S. Postal Service*, 2023 MSPB 14, to granting back pay for the constructive suspension. CPFR File, Tab 3 at 6-10. For the following reasons, we find that the Federal Circuit's decision in *Smith* applies here and that remand is warranted for a proper determination of whether the agency has provided the required relief.

In *Smith*, following the referral of the case by the Equal Employment Opportunity Commission (EEOC) to the Board for further consideration of a discrimination claim first raised in connection with a constructive suspension appeal, the Board adopted the EEOC's finding that the agency committed disability discrimination by failing to accommodate Mr. Smith, and the Board ordered the agency to provide relief in accordance with the EEOC's decision. *Smith v. Department of the Army*, 93 M.S.P.R. 611, ¶¶ 7, 9-12 (2003). Thereafter, Mr. Smith filed a petition for enforcement of the Board's order when the agency refused to provide relief beyond the date of his removal—a removal for inability to perform a position that he would not have held in the absence of the failure to accommodate. *Smith*, 458 F.3d at 1361, 1364. The Board denied the petition, finding that he was not entitled to relief beyond the date of his removal because he had not appealed his removal, and he could not use enforcement proceedings to obtain relief for a separate agency action that had not been adjudicated on the merits. *Id.* at 1361, 1365.

The Federal Circuit found that the denial was improper because Mr. Smith was not seeking relief for his removal, but rather for the illegal discrimination, which had been adjudicated on its merits. *Id.* at 1369-70. The court explained that Mr. Smith's "right to relief for discrimination under the Back Pay Act did not terminate merely because the constructive suspension formally ended," because the Board's jurisdiction to hear cases based on certain enumerated adverse actions does not limit its ability to compensate for injuries flowing from those actions. *Id.* It found that, because the petitioner's constructive suspension was a result of disability discrimination, the Board had the authority to remedy both the constructive suspension and the discrimination. *Id.* Accordingly, it concluded that the Board erred by not determining the appropriate relief owed for the discrimination, vacated the denial of the petition for enforcement, and remanded the case to the Board for a determination of whether the agency complied with its order.[6] *Id.*

In *Abbott*, which the agency relies upon, the Board found that it lacked authority to award relief beyond the appellant's retirement date because relief was limited under the Back Pay Act to remedying only the personnel action appealed, which was the appellant's constructive suspension; the appellant had not appealed her retirement as a separate personnel action. 2023 MSPB 14, ¶¶ 19-20. However, the Board in *Abbott* explained that its authority was limited because, unlike in *Smith*, there was no finding of discrimination. *Id.*, ¶ 20. Thus, the critical difference between *Abbott* and the instant case is that, here, the Board found that the appellant's constructive suspension was the result of disability discrimination, whereas in *Abbott* there was no finding of discrimination.

---

[6] In *Smith*, there was some indication that, in the absence of the discrimination, the appellant would have been accommodated by his placement in a particular position that was later eliminated via reduction in force. 458 F.3d at 1364, 1369. Accordingly, the court's remand for further adjudication instructed the Board to determine in the first instance whether the relief owed to the appellant might have ceased at that point. *Id.* at 1369.

Consequently, *Abbott* does not preclude the appellant in this appeal from obtaining relief for the disability discrimination, even though she did not appeal her retirement as a separate personnel action. In determining what, if any, relief is appropriate, the Federal Circuit in *Smith* explained, "[t]he key question is whether the employee can show that . . . injuries *flowed from* the unlawful action. If they did, relief putting the employee in the position he would have been in absent the adverse action must address these later injuries." 458 F.3d at 1370 (emphasis in original); *see House*, 98 M.S.P.R. 530, ¶ 9. Therefore, pursuant to *Smith*, if the appellant's retirement itself flowed from the discrimination, compensation for the discrimination must include the period after the retirement.

On remand, the administrative judge should allow the parties to further develop the record to determine what, if any, additional relief is owed to the appellant. Among other things, the administrative judge's analysis of the same should consider the appellant's application for retirement, which predated the interim relief order returning the appellant to work. It should also consider those actions that followed, such as the appellant's changing of her retirement date, her indication that she was considering cancellation of her retirement, and any efforts on the part of the agency to offer or effectuate the appellant's return to duty. If necessary, the administrative judge may hold a hearing. *See Knight v. Department of the Treasury*, 113 M.S.P.R. 548, ¶ 16 (2010) (recognizing that the decision to hold a hearing in a compliance matter is discretionary).

**ORDER**

For the reasons discussed above, we vacate the compliance initial decision finding the agency in compliance with the Board's August 15, 2022 final order and remand this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.